# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH VICTOR VAN BROCKLIN MIRELES** | **CASE NO. 6:22-CV-05975** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **THOMAS DUPLANTIER** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by Defendant, Judge Thomas Duplantier. (Rec. Doc. 3). Plaintiff did not file an opposition. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Judge Duplantier's motion be granted to the extent it seeks dismissal for lack of jurisdiction.

## Factual Background

Plaintiff, proceeding *pro se*, filed this civil rights suit in November 2022 against Judge Thomas Duplantier, a state court judge in the 15th Judicial District Court of Lafayette, Louisiana. Plaintiff alleged in his original Complaint that Judge

Duplantier issued a ruling on September 13, 2021, in Plaintiff's child custody case in state court that prohibited either parent from recording audiovisual visitations with the child without permission or court approval. Plaintiff alleged that prior to this order, he recorded FaceTime visitations with the child due to concerns of abuse. He contends the child is in imminent risk for harm and that he cannot now collect evidence for the courts. (Rec. Doc. 1, p. 2-3, ¶1-5). Plaintiff asserts claims against Judge Duplantier for violations of his and his child's First Amendment rights to free speech and for Judge Duplantier's alleged abuse of authority. (Rec. Doc. 1, p. 3-4, ¶1-8).

Judge Duplantier filed the motion to dismiss at issue on December 21, 2022, on multiple grounds. Rather than opposing the motion, Plaintiff filed an amended complaint on January 19, 2023, in which he asserts the same basic factual allegations and clarifies that he is not seeking monetary damages, but only reimbursement of court costs. (Rec. Doc. 8, ¶). He further alleges that Judge Duplantier's order violated a Louisiana statute regarding interception of certain communications. The Amended Complaint sets forth additional factual allegations regarding the prior custody proceedings in state court. (Rec. Doc. 8, p. 5-6, ¶9-11).

## Law and Analysis

Judge Duplantier moves to dismiss Plaintiff's claims pursuant to F.R.C.P. Rule 12(b)(6); however, the Court must first address jurisdiction. Absent

jurisdiction, the Court cannot consider whether dismissal for failure to state a claim is appropriate. *Weekly. v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).

The *Rooker–Feldman* doctrine "holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Reitnauer v. Texas Exotic Feline Found., Inc.,* 152 F.3d 341, 343 (5th Cir.1998). The Fifth Circuit further summarized as follows:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly*, 204 F.3d at 615. (cleaned up).

Plaintiff's suit seeks an order enjoining and/or modifying Judge Duplantier's state court order in the child custody proceedings as well as certain damages. As such, the complaint runs afoul of the *Rooker-Feldman* doctrine, and this Court lacks jurisdiction. Absent jurisdiction, the Court is without power to consider Judge Duplantier's remaining grounds for dismissal. Plaintiff's recourse is limited to state appellate procedures or application for writ of certiorari to the Supreme Court. Accordingly, the Court finds that Judge Duplantier's Motion to Dismiss should be granted.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Judge Thomas Duplantier's Motion to Dismiss (Rec. Doc. 3) be GRANTED to the extent it seeks dismissal for lack of jurisdiction and that Plaintiff's claims be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of February, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE